UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISA GLEASON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED AIRLINES, INC.,<br><br>　　　　　Defendant. | No. 2:13-cv-01064-MCE-DAD<br><br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Alisa Gleason ("Plaintiff") alleges seven state common law causes of action against Defendant United Airlines ("Defendant"). Pending before the Court is Defendant's Motion for Summary Judgment (ECF No. 26). Because the Airline Deregulation Act preempts Plaintiff's claims, Defendant's Motion for Summary Judgment is GRANTED.[1]

///
///
///
///
///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local Rule 230(g).

1

## BACKGROUND[2]

Plaintiff claims to suffer from a "severe, grave allergy to [] peanut[s] and peanut-related products . . . ."[3] Prior to boarding one of Defendant's Chicago-bound planes in Orlando, Florida, on May 28, 2011, Plaintiff notified several of Defendant's employees of her alleged allergy. At least one of those employees informed Plaintiff that the flight attendants would make an announcement asking passengers to refrain from consuming peanuts and peanut-related products during the flight. But when Plaintiff notified the crew members actually on the plane of her alleged allergy, they informed her that they would not make any such announcement.

An hour into the flight, Plaintiff "began to experience initial physical symptoms of a severe peanut allergy attack." She subsequently observed an individual seated four rows behind her eating peanuts. Plaintiff consumed Benadryl and used her inhaler, but her condition worsened. Flight attendants and medical personnel tended to Plaintiff and eventually informed the pilot that Plaintiff would not survive if the plane continued on to Chicago (approximately forty-five minutes away). The pilot made an unscheduled emergency landing in St. Louis, Missouri, because of Plaintiff's medical condition. Upon landing, Plaintiff was transported by ambulance to DePaul Health Center. There, Plaintiff received emergency medical care and was placed in an intensive care unit for two days.

Plaintiff alleges that she suffered permanent physical and emotional injury, and she asserts the following causes of action in her First Amended Complaint: negligence, negligent infliction of emotional distress, promissory estoppel, fraudulent misrepresentation, breach of contract, tortious breach of contract, and breach of the implied convent of good faith and fair dealing.

---

[2] The following statement of facts is based on the allegations in Plaintiff's operative First Amended Complaint (ECF No. 6) and Plaintiff's Opposition to Defendant's Motion for Summary Judgment (ECF No. 41).

[3] Defendant disputes the legitimacy of Plaintiff's alleged allergy.

## STANDARD

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). Summary judgment is procedurally proper when a case presents only a question of law, Asuncion v. District Director of U.S. INS, 427 F.2d 523, 524 (9th Cir. 1970), and pre-emption is a question of law, Aguayo v. U.S. Bank, 653 F.3d 912, 917 (9th Cir. 2011). See also Gibson v. Prudential Ins. Co. of Am., 915 F.2d 414, 418 (9th Cir. 1990) (affirming grant of summary judgment on the ground that federal law pre-empted plaintiff's state law claims).

## ANALYSIS

Defendant argues that it is entitled to summary judgment because the Airline Deregulation Act, 49 U.S.C. § 41713(b) ("ADA"), expressly pre-empts Plaintiff's claims. The Court agrees.[4]

The Supremacy Clause of the United States Constitution provides that federal law is "the supreme law of the land." U.S. Const. Art. VI. "[U]nder the Supremacy Clause, from which our pre-emption doctrine is derived, any state law, however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield." Gade v. Nat'l Solid Waste Mgmt. Ass'n, 505 U.S. 88, 108 (1992) (internal quotation marks omitted).

///

---

[4] Defendant also argues that the Federal Aviation Act impliedly pre-empts Plaintiff's claims, and that Plaintiff fails to state a viable claim. Because the Court finds that Defendant is entitled to summary judgment on the grounds that the ADA expressly pre-empts Plaintiff's claims, any discussion of Defendant's additional arguments is unnecessary.

3

1   The ADA is the federal law relevant to this case, and it includes an express pre-
2 emption provision.  Specifically, the ADA prohibits states from "enact[ing] or enforc[ing] a
3 law . . . related to a price, route, or service of an air carrier . . . ." 49 U.S.C. §
4 41713(b)(1); see also Northwest, Inc. v. Ginsberg, 134 S. Ct. 1422, 1429 (2014)
5 (explaining that "state common-law rules fall comfortably within the language of the ADA
6 pre-emption provision").  "[T]he key phrase 'related to' expresses a 'broad pre-emptive
7 purpose.'" Ginsberg, 134 S. Ct. at 1428 (quoting § 41713(b)(1) and Morales v. Trans
8 World Airlines, Inc., 504 U.S. 374, 383 (1992)).  A claim relates to rates, routes, or
9 services under the ADA if the claim "has a connection with, or reference to, airline rates,
10 routes, or services." Ginsberg, 134 S. Ct. at 1428 (quoting Morales, 504 U.S. at 384)
11 (bracketing and internal quotation marks omitted).

12   The Court here has no difficulty concluding that each of Plaintiff's claims relate to
13 the service of an air carrier.  First, there is no dispute that Defendant is an air carrier
14 under the ADA.  Second, each of Plaintiff's claims is based on the service that
15 Defendant provided (or, more accurately, did not provide) during the flight on May 28,
16 2011; specifically, Defendant's refusal to make an announcement asking passengers to
17 refrain from consuming peanuts and peanut-based products during the flight.  Because
18 Plaintiff's claims relate to the service of an air carrier, they are pre-empted by ADA.  See
19 Khan v. American Airlines, Inc., No. 08 CV 5246 (NRB), 2008 WL 5110852 (S.D.N.Y.
20 2008) (reaching the same conclusion on similar facts).  The Court must therefore grant
21 Defendant's Motion for Summary Judgment.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 26) is GRANTED.  The Clerk of the Court is directed to close this case and enter judgment in favor of Defendant.

IT IS SO ORDERED.

Dated:  May 19, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT